**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**RENAISSANCE NUTRITION, INC.,**

                           **Plaintiff,**           **06-CV-0380S(Sr)**

**v.**

**GEORGE JARRETT and DAN KURTZ,**
                             **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications.  Dkt. #34.

Currently before the Court is defendants' letter request, in accordance with paragraph 4 of the Court's Amended Case Management Order (Dkt. #63), for resolution of a dispute regarding plaintiff's responses to defendants' discovery demands.

## BACKGROUND

Briefly stated, this is an action commenced by defendants' former employer seeking damages for defendants' alleged breach of the terms of a non-compete agreement; misappropriation of plaintiff's confidential business information, customers and goodwill; breach of defendants' duty of loyalty to plaintiff; and tortious interference with plaintiff's contractual relationships with each defendant and with

plaintiff's business relationships with certain customers.  Dkt. #1.  Renaissance

Nutrition, Inc. ("Renaissance"), provides nutrition advice and dietary formulations for

dairy farmers.  Plaintiff's expert witness asserts that as a result of defendants' actions,

plaintiff lost 21 customers and sustained approximately $2.5 million damages.


## DISCUSSION AND ANALYSIS

Fed. R. Civ. P. 26(b)(1) provides, in relevant part:

> Parties may obtain discovery regarding any matter, not
> privileged, that is relevant to the claim or defense of any
> party . . . . For good cause, the court may order discovery of
> any matter relevant to the subject matter involved in the
> action.  Relevant information need not be admissible at the
> trial if the discovery appears reasonably calculated to lead to
> the discovery of admissible evidence.

"The key phrase in this definition–'relevant to the subject matter involved in the pending

action'– has been construed broadly to encompass any matter that bears on, or that

reasonably could lead to other matter that could bear on, any issue that is or may be in

the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).


"However, pursuant to Rule 26(c), the court may limit discovery even if the

information sought is relevant." *Tisby v. Buffalo General Hosp.*, 157 F.R.D. 157, 170

(W.D.N.Y. 1994); *Coyne v. Houss*, 584 F. Supp. 1105, 1109 (E.D.N.Y. 1984).  Fed. R.

Civ. P. 26(c) provides, in relevant part, that the court "may make any order which justice

requires to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense . . . ."  Moreover, "[t]he management  of discovery lies within

the sound discretion of the district court, and the court's rulings on discovery will not be

overturned on appeal absent an abuse of discretion."  *Grady v. Affiliated Cent., Inc.*,

130 F.3d 553, 561 (2d Cir. 1997), *cert. denied*, 525 U.S. 936 (1998); *see Robertson v.*

*National Basketball Ass'n*, 622 F.2d 34, 35-36 (2d Cir. 1980) ("Protection against

unnecessary discovery is discretionary with the trial court and will be reversed only on a

clear showing of abuse of discretion.").


**Discovery Requests Relating to Plaintiff's Efforts to Retain the Business**

Defendants' Third Request for Production of Documents, No. 3

Defendants' Third Request for Production of Documents, No. 3, seeks

Calendars, day planners, weekly accomplishment reports,
expense reports and call sheets for Steve Massie and Paul
Brzuskiewicz for the period May 26, 2006 to date, including
without limitation, calendars and weekly accomplishment
reports for the month of June 2006 and the period beginning
June 2007 to date.

Defendants represent that Steve Massie and Paul Brzuskiewicz were involved in efforts

to retain some of the 21 customers following defendants' departure from Renaissance

and assert that plaintiff's effort, or lack of effort, to retain these customers will impact

plaintiff's claim for damages.


Plaintiff objected to this request on the grounds that responsive

documents had already been produced for the period of June, 2006 through May, 2007

and that the request for documents beyond June, 2007 was not relevant and was

unlikely to lead to the discovery of admissible evidence.

The Court relies upon plaintiff's representation that it has produced all documents in its possession relating to contacts by Steve Massie and Paul Brzuskiewicz with the 21 lost customers for a one-year period following defendants' departure and finds this disclosure sufficient.  Plaintiff is under no obligation to provide defendants with information relating to contacts with other customers and the Court agrees with plaintiff that one year is a sufficient period of time from which to assess plaintiff's efforts to retain the customers at issue.

Defendants' Third Request for Production of Documents, No. 4

Defendants' Third Request for Production of Documents, No. 4, seeks

Cell phone or other records reflecting cell phone or land line telephone calls made by Steve Massie on behalf of Renaissance for the period May 26, 2006 to date.

Plaintiff objected to this request as overbroad, unduly burdensome, and neither relevant nor likely to lead to the discovery of admissible evidence.  In its letter response to defendants' request to the Court, plaintiff asserts that production of such documents

is unduly burdensome, as it would require Plaintiff to review those records and redact telephone numbers of Plaintiff's other customers and prospective customers before producing them to Defendants, so as to protect the proprietary nature of that information.  Moreover, the telephone records will not illuminate the efforts of Plaintiff to retain or recover the lost customers more than those already testified to by Messrs. Massie and Brzuszkewicz.

The Court agrees with plaintiff that this request is overbroad, unduly burdensome and unlikely to provide defendants with any additional information of relevance to plaintiff's efforts to retain or recover the customers at issue.

Defendants' Third Request for Production of Documents, No. 6

Defendants' Third Request for Production of Documents, No. 6, seeks

Customer files or documentation maintained by or on behalf of Renaissance, by employees or independent contractors acting on its behalf, including without limitation, documents reflecting the dates that diets were presented or implemented for customers, the dates that forage tests were taken or forage results were received, and the dates of orders and identities of each product ordered by the customer, for the [21] customers [referenced in Prof. Gloys' report].

Defendants assert that this documentation would demonstrate the efforts plaintiff allegedly made to retain the business.

Plaintiff objected to this request on the grounds that it was overbroad, unduly burdensome, and not relevant or likely to lead to the discovery of admissible evidence.

The Court is of the opinion that the customer files requested are relevant to plaintiff's efforts to retain or recover customers allegedly lost as a result of defendants' tortious acts, as well as to calculate the value of business lost with these customers. Accordingly, plaintiff shall produce the customer files relating to the 21 customers referenced in its expert witness report.

Defendants' Fourth Request for Production of Documents, No. 10

Defendants' Fourth Request for Production of Documents, No. 10, seeks

Calendars, day planners, call reports, weekly
accomplishment reports, expense reports and call sheets for
Tom Bass, Tim Snyder and Ian Shivas for the period May
26, 2006 to August 31, 2006.

Defendants contend that these documents are relevant to assess plaintiff's efforts to

retain the 21 lost customers following defendants' departure.  Plaintiff responds that it

has already disclosed "the available evidence on the roles of Bass, Snyder and Shivas

following Defendants' abrupt resignation."


Defendants' request is overbroad.  However, to the extent that plaintiff has

not already done so, it shall provide defendants with any documentation demonstrating

efforts by these individuals to retain the 21 customers at issue in this action following

defendants' departure from Renaissance.


Defendants' Fourth Request for Production of Documents, No. 11

Defendants' Fourth Document Request, No. 11, seeks

Renaissance sales tickets reflecting purchases by Eastwood
from Renaissance or payments by Eastwood to
Renaissance during 2006.

The Court accepts plaintiff's representation that it does not have documents responsive

to this request.


Defendants' Fourth Request for Production of Documents, No. 12

Defendants' Fourth Request for Production of Documents, No. 12, seeks

>Documents reflecting the transmission of customer-related
>information, including, without limitation, the contents of
>customer files, forage analyses, diet formulation, or order
>history to Renaissance employees or independent
>contractors working with Renaissance concerning its sales
>efforts, during the period between June 1, 2006 and August
>31, 2006, concerning the [21] dairy farms.

As defendants concede that this request is duplicative of previous requests, and plaintiff

represents that it has already provided documents and witnesses concerning its

contacts with the 21 customers and the sales data for these customers during this time

frame, the Court denies this request.

Defendants' Fourth Request for Production of Documents, No. 13

>Defendants' Fourth Request for Production of Documents, No. 13, seeks

>Documents reflecting communications involving
>Renaissance employees or independent contractors working
>with Renaissance concerning its sales efforts, or involving
>Renaissance customers, including, without limitation,
>communications by e-mail, telephone, facsimile, U.S. Mail or
>other third party delivery services, during the period between
>June 1, 2006 and August 31, 2006, regarding sales or
>possible sales of Renaissance products, including without
>limitation, visits to the customer or potential customer,
>minutes, notes, reports or summaries concerning any such
>visits, meetings with the customer or potential customer,
>minutes, notes, reports or summaries concerning any such
>meetings, the scheduling of Dairy Solutions meetings with
>the customer or potential customer, and minutes, notes,
>reports or summaries of any such Dairy Solutions meetings
>for the [21] dairy farms.

As defendants concede that this request is duplicative of previous requests, and plaintiff

represents that it has already provided documents and witnesses concerning its

contacts with the 21 customers and the sales data for these customers during this time

frame, the Court denies this request.

**Discovery Requests Relating to Plaintiff's Claim of Damages – Sales**

<u>Defendants' Fourth Request for Production of Documents & Second Interrogatory, No. 2</u>

Defendants' Fourth Document Request, No. 2, seeks

Documents identifying Renaissance customers serviced by
Messrs. Chandler, Williams, Parry [sic] and/or Demarest at
any point in time during the period beginning January 1, 2003
to date, including, without limitation, documents reflecting
when each customer began purchasing from Renaissance,
whether the customer is still purchasing products from
Renaissance, the identity or identities of the sales person(s)
or other person(s) at Renaissance primarily responsible for
contact with that customer after Messrs. Chandler, Williams,
Parry, Perry and/or Demarest, documents reflecting whether
each such customer was having diets formulated by
Renaissance and, if so, when Renaissance stopped
formulating diets for each such customer at any point in time
to the current date, when Renaissance stopped formulating
diets for that customer.

Similarly, defendants' Second Interrogatory, No. 2, asks plaintiff to

Identify each Renaissance customer serviced by Messrs.
Chandler, Williams, Perry and/or Demarest at any point in
time during the period beginning January 1, 2003 to date,
and list for each such customer when each customer began
purchasing from Renaissance, whether the customer is still
purchasing products from Renaissance, the identity or
identities of the sales person(s) or other person(s) at
Renaissance primarily responsible for contact with that
customer after Messrs. Chandler, Williams, Parry [sic], Perry
and/or Demarest, and state whether each such customer was
having diets formulated by Renaissance and, if so, when
Renaissance began formulating diets for that customer, and,
if Renaissance stopped formulating diets for each such
customer at any point in time to the current date, when
Renaissance stopped formulating diets for that customer.

Defendants assert that these requests seek information about the customers of the five

sales representatives included in plaintiff's expert witness report in order to determine

whether they are relevant comparators to defendants' customers.

Plaintiff represents that it has provided information related to the customers of Mr. Chandler, a former manager and sales representative of plaintiff, who was included in the random sampling plaintiff's expert performed in connection with his analysis of Renaissance's customer retention.  Plaintiff objects to the relevance of providing this information with respect to the remaining individuals.

The Court agrees with defendants that the information requested, to the extent that it relates to customers of former sales representatives considered by plaintiff's expert witness, is relevant to assessing the credibility of the assumptions set forth in plaintiff's expert report.  Accordingly, plaintiff shall provide the information requested with respect to any sales representatives included within the sampling performed by plaintiff's expert witness.

Defendants' Fourth Request for Production of Documents & Second Interrogatory, No. 3

Defendants' Fourth Request for Production of Documents, No. 3, seeks

Documents identifying any persons who sold Renaissance products, whether as employees or as independent contractors at any point in time between January 1, 2004 and December 31, 2007, and for any such individuals who did not sell products for Renaissance for that entire period, documents reflecting when they entered into a relationship to sell products on behalf of Renaissance and, if applicable, when that relationship ended or indicating that it continues to date.

Similarly, defendants' Second Interrogatory, No. 3, requests information

Identifying all persons who sold Renaissance products, whether as employees or as independent contractors at any point in time between January 1, 2004 and December 31, 2007, and for any such individuals who did not sell products

for Renaissance for that entire period, state the date when
they entered into a relationship to sell products on behalf of
Renaissance and, if applicable, when that relationship ended
or state that it continues to date.

Defendants assert that this information is necessary to determine which sales

representatives left plaintiff's employ so that defendants can assess the propriety of the

sampling method utilized by plaintiff's expert witness to calculate plaintiff's expected

customer retention.

Plaintiff represents that it has previously provided defendants with a list of

sales representatives associated with plaintiff throughout the three year period of 2004

through 2006.

To the extent that plaintiff's prior disclosures do not indicate starting and

ending dates for plaintiff's sales representatives, plaintiff's shall respond to this

document request.

_____

Defendants' Fourth Request for Production of Documents, No. 5

Defendants' Fourth Document Request, No. 5, seeks

Documents reflecting the identities of any customers serviced
by the sales representative listed below during the six months
preceding the termination of each such sales representative's
relationship with Renaissance, together with any documents
reflecting which products were sold to each such customer
during the twelve months preceding said termination and
during the twelve months following said termination, for each
of the following individuals: Bob Baker, Byron Clough, Wayne
Cook (of Ohio), Jim Hogue, Craig Ingalls, Bob Kozlowski,
Dave Lloyd, Jim Longnecker, Mike Maloney, Kent Penland,
Neil Salyards, Ryan Soroli, Curt Umble, and Mark Wenger.

Similarly, defendants' Second Interrogatory No. 4 asks plaintiff to

> Identify each customer serviced by the sales representative listed below during the six months preceding the termination of each such sales representative's relationship with Renaissance, and list each product sold to each such customer during the twelve months following said termination, for each of the following individuals: Bob Baker, Byron Clough, Wayne Cook (of Ohio), Jim Hogue, Craig Ingalls, Bob Kozlowski, Dave Lloyd, Jim Longnecker, Mike Maloney, Kent Penland, Neil Salyards, Ryan Soroli, Curt Umble, and Mark Wenger.

In addition, defendants' Second Interrogatory No. 5 asks plaintiff to

> State the total volume of sales into Chester, Lancaster and Lebanon counties, as applicable, during the twelve months preceding the separation of each of Bob Baker, Jim Hogue, Jim Longnecker, and Curt Umble from Renaissance, and the total volume of sales into Chester, Lancaster and Lebanon counties, as applicable, during the twelve months following each such separation.

Defendants argue that these requests will provide information about the retention rate of customers following the departure of other sales representatives from Renaissance. Defendants assert that this information will allow defendants to test the validity of plaintiff's assumptions regarding the expected retention rate for their customers.

Plaintiff argues that defendants are on a fishing expedition and represents that the individuals named in interrogatory number 5 are not appropriate comparators because they left Renaissance approximately ten years ago and directly competed with Renaissance because there were no non-compete agreements between Renaissance and these individuals.

The Court agrees with defendants that Renaissance's retention of customers serviced by  sales representatives who actually left Renaissance would be the most relevant measure of Renaissance's expected retention rate.  However, the Court agrees with plaintiff that ten years is too distant, particularly given the distinct factual circumstances represented with respect to Bob Baker, Jim Hogue, Jim Longnecker and Curt Umble, to provide relevant comparisons to defendants.  Accordingly, plaintiff shall respond to this request to the extent that the individuals named in this request left Renaissance within five years of defendants' departure.

Defendants' Fourth Request for Production of Documents, No. 7

Defendants' Fourth Request for Production of Documents, No. 7, seeks

Documents reflecting compensation paid by Renaissance during each month for the period from January 1, 2005 to May 31, 2006 to each person assigned any duties that had been assigned to defendants George Jarrett and Dan Kurtz as of May 1, 2006 together with documents reflecting compensation paid by Renaissance to each person for each month from June 1, 2006 to date.

Defendants assert that plaintiff's expert failed to consider the savings of not having to pay salaries to defendants in its damages calculations.  However, the Court finds this request overbroad.  Accordingly, defendants' request for this information is denied.

Defendants' Fourth Request for Production of Documents, No.8

Defendants' Fourth Request for Production of Documents, No. 8, seeks

W-2s issued for 2006 and documentation reflecting compensation paid during 2007 to Ian Sivas, Tim Snyder, Steve Massie, Paul Brzuskiewicz and Mary Guyer.

Assuming that these are the individuals who assumed defendants duties, the Court

orders plaintiff to provide copies of W-2s issued to these individuals in 2006 and 2007.


Defendants' Fourth Request for Production of Documents, No. 14

Defendants' Fourth Document Request, No. 14, seeks

Documents reflecting total sales for George Jarrett for 1993,
and for Vic Marcum for 1994-1996.

The Court agrees with plaintiff that defendants' request for information relating to

retention of customers of sales representatives who left Renaissance more than ten

years prior to defendants' departure is overbroad.  Defendants' request is denied.


**Discovery Requests Relating to Plaintiff's Claim of Damages –
Raw Materials &  Transportation**

Defendants' Fourth Request for Production of Documents, No. 1

Defendants' Fourth Document Request, No. 1, seeks

Documents reflecting the manner in which Renaissance
products were delivered from January 1, 2006 to date,
including, without limitation, whether the products were
trucked directly to the dairy, whether the products were
trucked to a feed mill, or whether the products were shipped
to the salesperson for delivery by the salesperson and the
identity of the carrier(s) which transported products to each
customer, for each of the [21] dairy farms . . . To the extent
different products were delivered to individual dairies through
different means, please produce documents reflecting which
products were delivered by which means.

Similarly, defendants' Second Interrogatory, No. 1, asks plaintiff to

Describe the manner in which Renaissance products were
delivered from January 1, 2006 to date, including, without
limitation, whether the products were trucked directly to the
dairy, whether the products were shipped to a feed mill, or

> whether the products were shipped to the salesperson for
> delivery by the salesperson and the identity of the carrier(s)
> which transported products to each customer, for each of . . .
> the [21] customers . . . To the extent different products were
> delivered to individual dairies through different means, please
> produce documents reflecting which products were delivered
> by which means.

Plaintiff responded that

> Plaintiff's products are transported by truck to customers.  In
> connection with such transportation, Plaintiff utilizes the
> services of Renaissance Logistics.  In general, with respect to
> RICAS sales representatives, products are shipped directly to
> customers including mills and dairies; however in certain
> instances, depending on the size of a delivery, an order or
> other circumstances, the product may be delivered to the
> dairy by other means including by a distributor.  Information
> concerning transportation costs for lost customers has been
> previously provided by Plaintiff.

Defendants assert that this information is relevant because plaintiff's expert "calculated

damages based on a formula that considered his expected retention rate to determine

the expected profit, considering the expected cost of the raw materials and the

transportation costs."  Defendants challenge the transportation costs utilized by plaintiff's

expert because plaintiff does much of it own shipping through a related entity.


Plaintiff represents that it has provided defendants with both deposition

testimony and information related to the transportation costs of delivering products to its

customers, but complains that defendants'

> request for historical information on a delivery-by-delivery
> basis is simply aimed at burdening and harassing Plaintiff,
> and should not be countenanced.  Defendants' request would
> potentially force Plaintiff to review and recreate hundreds of
> transactions.

The Court agrees that this request is overly burdensome and relies upon plaintiff's representation that it supplied defendants with general information relating to its transportation costs to sustain plaintiff's objection.

Defendants' Fourth Request for Production of Documents, No. 4

> Defendants' Fourth Document Request, No. 4, seeks
>
> Documents reflecting mileage traveled on behalf of Renaissance by Metzler Trucking or Metzler Transportation or any other trucking company located in or about Martinsburg Pennsylvania, together with any documentation reflecting monies paid by Renaissance or any related entity for said transportation.

Defendants assert that this information is necessary to test the validity of assumptions made by plaintiff's expert witness.  Plaintiff represents that it has provided defendants with the same documentation and information concerning mileage and transportation costs which was furnished to its expert witness.  Relying upon this representation, the Court finds plaintiff's disclosure sufficient.

Defendants' Fourth Request for Production of Documents, No. 9

> Defendants' Fourth Request for Production of Documents, No. 9, seeks
>
> Documents reflecting purchases by Renaissance from Gladwin-Reed for the period May 1, 2006 to date.

The Court agrees with plaintiff that defendants have failed to explain the relevance of this information to challenge the formula utilized by plaintiff's expert witness to calculate damages.  Accordingly, this request is denied.

**Request for Tax Returns**

<u>Defendants' Third Request for Production of Documents, No. 7</u>

Defendants' Third Request for Production of Documents, No. 7, seeks

Federal and State tax returns and all schedules attached
thereto filed by or on behalf of Renaissance Nutrition for each
year beginning with . . . 2006.

Defendants assert that the tax returns are relevant to plaintiff's claim of lost income

because they would show plaintiff's revenues and expenses.


Plaintiff asserts that the tax returns will not demonstrate the losses

suffered by plaintiff as a result of defendants' conduct and notes that it has provided

defendants with all documents relied upon by its expert witness.


Tax returns are protected by a "qualified privilege."  *Gattengno v. Price*

*Waterhouse Coopers, LLP*, 205 F.R.D. 70, 71 (D. Conn. 2001).  Accordingly, tax returns

need not be disclosed unless: (1) it clearly appears that they are relevant to the subject

matter of the action or to the issues raised thereunder; and (2) there is a compelling

need for their disclosure because the information contained in the tax returns is not

otherwise readily obtainable.  *Id., quoting Cooper v. Hallgarten & Co.*,

34 F.R.D. 482, 484 (S.D.N.Y. 1964); *see also Land Ocean Logistics, Inc. v. Aqua Gulf*

*Corp.*, 181 F.R.D. 229, 238-239 (W.D.N.Y. 1998).  As defendants have not

demonstrated that information related to plaintiff's claim of lost profits is unattainable

from other sources, this request is denied.

Plaintiff's Request for Tax Returns

Plaintiff seeks the 2006 and 2007 tax returns of Cows Come First LLC, a New York limited liability company in which defendants are the sole and equal owners; CCF, LLC, which is owned by defendant George Jarrett; and CCF Nutrition, which appears to be a sole proprietorship operated by defendant Dan Kurtz.  Plaintiff asserts that this information is relevant to its claim for punitive damages and claims that:

> there is a compelling need for the Defendants' tax returns as the information needed to calculate the Defendants' profits from their ventures is not readily obtainable from the documents provided by the Defendants thus far.  Further, what information that has been provided by Defendants is not entirely credible given the manner in which Defendants have organized their business ventures.

Defendants argue that these entities are not parties to this action and that they have produced documents, including banking documents and 1099s, reflecting the income and expenses of defendants and their business entities.

Because a court may take  defendants' financial circumstances, wealth, or net worth into consideration when determining the exemplary damages to be awarded against the defendants, defendants' financial information is relevant to plaintiff's claims for punitive damages.  *Bryant v. Allied Account Services, Inc.*, No. CV 05-5565, 2006 WL 2620376, at *2 (E.D.N.Y. Sept. 13, 2006), *citing Jazeldine v. Beverage Media, Ltd.*, No. 94 Civ. 3466, 1997 WL 362229 at *3 (S.D.N.Y. June 27, 1997).  However, plaintiff has not demonstrated an inability to obtain information regarding defendants' financial circumstances through alternative means.  *See Id.*  Accordingly, this request is denied.

## <u>CONCLUSION</u>

The parties shall comply with the directives set forth above within 10 days of the entry of this Decision and Order.  To the extent that plaintiff discloses additional information relevant to defendants' pending motion for summary judgment, defendants may apply to Judge Skretny for permission to supplement their motion papers.

**SO ORDERED.**

DATED:        Buffalo, New York
              April 23, 2008

<u>  s/ H. Kenneth Schroeder, Jr.  </u>
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**